IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESUS MENDOZA NUNEZ, | ) | CV F 07-0979 AWI |
| | ) | (CR F 06-0215 AWI) |
| Petitioner, | ) | |
| | ) | ORDER DISMISSING |
| v. | ) | PETITIONER'S MOTION TO |
| | ) | CORRECT, AMEND OR |
| | ) | VACATE HIS SENTENCE |
| UNITED STATES OF AMERICA, | ) | AND CLOSING THE CASE |
| | ) | |
| Respondent. | ) | (28 U.S.C. § 2255) |
| | ) | |

**INTRODUCTION**

In this case, petitioner Jesus Mendoza Nunez ("Petitioner") seeks relief under 28 U.S.C. section 2255 from the sentence of 57 months that was imposed by this court on October 27, 2006, following conviction by plea of guilty to one count of being a deported alien found in the United States in violation of 8 U.S.C. § 1326.

**FACTUAL AND PROCEDURAL HISTORY**

Petitioner was convicted by plea of guilty on October 27, 2006, to a single count of being a deported alien found in the United States. In the negotiated plea agreement, Petitioner agreed not to seek downward departure from the agreed upon sentencing range and comprehensively waived all rights to appeal or collaterally attack his sentence. In return, the government agreed to a downward departure of two levels, if the base offense level was computed to be less than 16, or

a three-level reduction if the base offense level was greater than 16. The government also agreed to an additional 3-level reduction for "early disposition" of the case pursuant to United States Sentencing Guideline 5K3.1. The government also agreed to recommend that Petitioner be sentenced at the low end of the guideline range.

Petitioner was sentenced at the same proceeding to a term of imprisonment of 57 months. Judgment was entered on October 31, 2006. Petitioner timely filed the instant motion to correct his sentence pursuant to 28 U.S.C. § 2255 (the "2255 Motion") on July 18, 2007, however the motion was erroneously filed in case number 98cr5235. Petitioner's 2255 Motion was ordered refiled in case number 06cr0215 on April 8, 2008. In his 2255 Motion, Petitioner, who is an alien subject to deportation immediately upon release from imprisonment, requests the court grant a two or three-level reduction in his sentence for acceptance of a final deportation order and/or as compensation for the fact Petitioner is not eligible for early discharge to a halfway house because of his status as a deportable alien.

**LEGAL STANDARD**

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true,

would entitle him to relief.  Id.  Mere conclusory statements in a section 2255 motion are insufficient to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

**DISCUSSION**

In his plea agreement, Petitioner agreed not to seek any further downward departure other than the downward departure that was granted in the agreement itself, and agreed to not appeal or collaterally attack his sentence or conviction by means of a motion pursuant to section 2255. "The right to attack a judgment collaterally is statutory. [Citation.] A knowing and voluntary waiver of a statutory right is enforceable. [Citation.] For this reason a prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." United States v. Racich, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999).  Generally, a district court is required to enforce the waiver of a right to bring a collateral attack except where the collateral attack is against the validity of the waiver itself.  United States v. Abarca, 985 F.2d 1012, 1014 (9 Cir. 1993).

Petitioner's 2255 Motion does not attack the validity of the plea agreement nor does it attack the validity of the waiver of rights to request further downward departure or to mount a collateral attack on his judgment or sentence.  Petitioner's 2255 Motion simply requests further downward departure based on his status as an alien subject to deportation.  The court must conclude Petitioner's 2255 Motion comes within the scope of, and is therefore barred by, his waiver of rights in the plea agreement.  The plea agreement in Petitioner's case conferred substantial benefit to Petitioner in the form of significant downward departures for acceptance of responsibility and early disposition of the case.  Having accepted those benefits, Petitioner may not now breach his end of the bargain by seeking further downward departure.

Even if Petitioner's 2255 Motion were not barred by the comprehensive waiver contained in the plea agreement, the court would not be inclined to grant Petitioner the relief requested.  Courts in this circuit that have considered petitioner claims of sentencing disparity based on deportability status have been disinclined to grant downward departure based solely on the

petitioner's status as a deportable alien.  See, e.g., Lizarraga-Lopez v. United States, 89 F.Supp.2d 1166, 1169 (S.D. Cal. 2000); Palafox-Barajas v. United States, 1999 WL 1338451 (S.D. Cal. 1999); United States v. Alagbe, 2006 WL 1529981 at *4 (N.D. Cal. 2006); Jara-Candia v. United States, 2006 WL 931758 D. Ariz. 2006) at *2 (noting that the Ninth Circuit has "shown reluctance to allow deportability status as a basis for downward departure").  Further, courts have tended to conclude that the denial of placement in a community program does not substantially increase the severity of a sentence.  Palafox-Barajas, 1999 WL 1338451 at *2.  The court has reviewed Petitioner's substantive claims and finds that, even if the court could consider Petitioner's 2255 Motion on its merits, there are no facts alleged in the 2255 Motion that would alter the court's reluctance to grant relief.

THEREFORE, in accord with the foregoing discussion, Petitioner's motion to reduce his sentence pursuant to 28 U.S.C. § 2255 is hereby DENIED.  The Clerk of the Court shall CLOSE the CASE.

IT IS SO ORDERED.

**Dated:   March 20, 2009**          /s/ Anthony W. Ishii
CHIEF UNITED STATES DISTRICT JUDGE